## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Jamal Samaha, et al., | Case No. 20-cv-1715 (SRN/DTS) |
|     Plaintiffs, | |
| v. | **ORDER** |
| City of Minneapolis, et al., | |
|     Defendants. | |
| | |
| Levy Armstrong, et al., | Case No. 20-cv-1645 (SRN/DTS) |
|     Plaintiffs, | |
| v. | |
| City of Minneapolis, et al., | |
|     Defendants. | |
| | |
| Jared Goyette, | Case No. 20-cv-1302 (WMW/DTS) |
|     Plaintiff, | |
| v. | |
| City of Minneapolis, et al., | |
|     Defendants. | |

Plaintiffs Jamal Samaha, Levy Armstrong, and Jared Goyette move to consolidate three class-action civil rights cases—Nos. 20-cv-1715, 20-cv-1645, and 20-cv-1302—for discovery and pretrial proceedings, though the Plaintiffs collectively filed the motion in only *Samaha v. Minneapolis*. Mot. to Consolidate, Dkt. No. 37. The Court finds that *Samaha* and *Armstrong* involve common questions of law or fact. Fed. R. Civ. P. 42(a).

Consolidation of these actions will avoid unnecessary cost and delay, Fed. R. Civ. P. 42(a)(3), and will not lead to inefficiency, inconvenience, or unfair prejudice to a party, Fed. R. Civ. P. 42(b). *Goyette*, however, is dissimilar and will unfairly prejudice Defendants if consolidated with the others. Thus, *Samaha* and *Armstrong* will be consolidated for discovery and pretrial proceedings; *Goyette* will continue independently.

## FACTS

These three cases arise from a series of interactions between civilians and law enforcement in the months following George Floyd's murder in Minneapolis, Minnesota. These lawsuits stem from perceived police responsibility for the death of George Floyd and Daunte Wright, alleged heavy-handed law enforcement response to ensuing protests and civil uprisings, and allegations that the response violated citizens' constitutional rights. Because the cases arise from the same catalyst, many factual questions will overlap. However, the injuries alleged, the constitutional claims, and the theories of liability differ.

**I.     *Samaha v. Minneapolis*, 20-cv-1715 (SRN/DTS)**

*Samaha* was filed in August 2020 as a Rule 23(b)(2) class action. Two putative classes were pleaded:

> Class I: All peaceful protesters who were unlawfully subjected to less-than-lethal force by a sworn officer of the Minneapolis Police Department from May 25, 2020 to May 31, 2020. . . .
>
> Class II: All persons who have been subjected to excessive force at the hands of MPD.

*Samaha* Compl. ¶¶ 190a, 190b, Dkt. No. 1. Plaintiffs allege that MPD's use of chemical agents and less-than-lethal munitions constituted excessive force and that it revealed MPD's pattern and practice of employing excessive force against peaceful protesters. *Id.*

2

at 40-43. The complaint pleads three counts against Defendants: excessive force, *Monell* liability, and First Amendment retaliation. *Id.* at ¶¶ 196-97, 204-14, 219. The *Samaha* Defendants do not include any agencies or employees of the State of Minnesota. *Id.* at 6-8.

**II.    *Armstrong v. Minneapolis*, 20-cv-1645 (SRN/DTS)**

*Armstrong* was filed in July 2020 as a Rule 23(a) and a Rule 23(b)(1), (2) class action. One putative class was pleaded:

> [P]eople who have participated in peaceful protest activity following the death of George Floyd, between May 26, 2020 and May 31, 2020, in public places within the City of Minneapolis and who have experienced law enforcement's use of crowd control tactics while engaging in the aforementioned protest activity.

*Armstrong* Am. Compl. ¶ 149, Dkt. No. 19. Plaintiffs allege that MPD's use of chemical agents and less-than-lethal munitions during peaceful protests constituted excessive force and that MPD failed to provide the purported class with notice and an opportunity to disperse before using force. *Id.* at 31-33. The complaint pleads three counts against Defendants: First Amendment retaliation, Fourth Amendment unlawful seizure and excessive force, and Fourteenth Amendment Procedural Due Process. *Id.* ¶¶ 157-66, 175, 181. Each of the claims also allege *Monell* liability. *Id.* at 29-33. The complaint initially named State agencies and employees as Defendants but they have been dismissed from the action, leaving only the City of Minneapolis and its employees and departments as Defendants. *Armstrong* Order 25, Dkt. No. 59.

**III.   *Goyette v. Minneapolis*, 20-cv-1302 (WMW/DTS)**

*Goyette* was filed in June 2020 as a Rule 23(b)(1), (2) class action. One putative class was pleaded:

> All members of the news media, as the term is used in Emergency Executive Order 20-69, who are engaged in news gathering or reporting activities in Minnesota.

*Goyette* 2d Am. Compl. ¶ 237, Dkt. No. 53. Plaintiffs allege that law enforcement deliberately targeted members of the purported class because of their status as journalists. *Id.* 2 and ¶¶ 25, 37, 56, 59, 124, 136, 239, 245. The complaint pleads six counts against Defendants: First Amendment violations, First Amendment retaliation, Fourth Amendment unlawful seizure and excessive force, Fifth and Fourteenth Amendment Due Process violations, civil conspiracy, and failure to intervene. *Id.* ¶¶ 246-66, 267-87, 268-308, 310, 324-30, 332. Unlike *Samaha* and *Armstrong*, *Goyette* sues both City and State Defendants. For all but one claim, both groups of Defendants remain parties.

## ANALYSIS

Federal Rule 42 allows a district court to consolidate separate actions presenting common issues of law or fact to avoid unnecessary cost or delay. *Equal Emp't Opportunity Comm'n v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) (citing Fed. R. Civ. P. 42(a)). A district court should consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (alterations and quotation omitted). The moving party must show that consolidation would "promote judicial convenience and economy." *Powell v. Nat'l Football League*, 764 F. Supp. 1351, 1359 (D. Minn. 1991). If consolidation would cause inefficiency, inconvenience, or unfair

4

prejudice, it is inappropriate. *HBE Corp.*, 135 F.3d at 550. "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). A district court's decision "should be upheld unless there has been a clear abuse of discretion." *HBE Corp.*, 135 F.3. at 550.

**I.**     ***Samaha* and *Armstrong***

Defendants do not object to consolidating *Samaha* and *Armstrong* for discovery and pretrial proceedings. The Court finds consolidation appropriate because the cases share substantially similar factual and legal issues. The cases share common Defendants, Plaintiffs are classes of *peaceful* protesters, the legal claims substantially overlap, and the cases are assigned to the same judicial officers.

First, both cases share common Defendants—the City of Minneapolis and Minneapolis Police Chief Medaria Arradondo, though *Armstrong* also names as a defendant Minneapolis Police Lieutenant Robert Kroll. Neither case includes Defendants associated with the State of Minnesota or its agencies. Efficiency during discovery, particularly depositions, favors consolidation.

Next, the Plaintiffs are similarly situated peaceful protesters. Consolidation will avoid any prejudice that may arise if the parties obtained different rulings throughout pretrial motion practice. Because courts should treat similarly situated parties alike, fairness to the parties favors consolidation.

The claims pleaded in both cases also substantially overlap. The three claims pleaded in *Samaha* parallel three of the four claims pleaded in *Armstrong*. The overlapping legal claims favor consolidation.

5

Finally, the cases are assigned to the same judicial officers. The judicial officers will likely face similar, if not identical, pretrial motions and discovery disputes in both cases if the cases are not consolidated. This would unnecessarily increase the strain on judicial resources. Judicial efficiency favors consolidation.

Because the parties agree to consolidate these cases and because each of the factors favors consolidation, *Samaha* and *Armstrong* shall be consolidated for discovery and pretrial proceedings.

**II.**     ***Goyette***

Though *Goyette* shares some common questions of fact and law, the prejudice Defendants may suffer and the inefficiencies created by consolidation outweigh any benefits of consolidation. For that reason, *Goyette* will not be consolidated with *Samaha* and *Armstrong*.

Consolidation would prejudice Defendants by broadening the scope of discovery. Though some Defendants overlap between the three cases, *Goyette* includes Defendants associated with the State of Minnesota or its agencies. The *Goyette* Plaintiffs will likely seek discovery that is not publicly available such as employee files, personnel data, or internal agency documents. With the large number of Plaintiffs in *Samaha* and *Armstrong* who have not named State Defendants in their suits, the potential for wide dissemination of sensitive information is per se prejudicial to the subjects of discovery. This is true even with a protective order.

Moreover, unnecessarily broad discovery would likely increase motion practice, including but not limited to motions in limine, burdening the Court. If the *Samaha* and *Armstrong* Plaintiffs have access to irrelevant discovery relating to the *Goyette* State

Defendants, the Court would need to rule on the admissibility of the evidence at trial. This would unnecessarily consume judicial resources. *See Powell*, 764 F. Supp. at 1359 ("The court must balance the savings of time and effort resulting from consolidation against any inconvenience, delay or expense that it would cause."). By contrast, denying the motion to consolidate *Goyette* eliminates that burden entirely.

Because consolidation would prejudice the State Defendants in *Goyette* and would create inefficiencies, it is inappropriate. *HBE Corp.*, 135 F.3d at 551. *Goyette* will remain independent.

### ORDER

For these reasons, IT IS HEREBY ORDERED:

1. Plaintiffs' Motion to Consolidate Cases [*Samaha*, Dkt. No. 37] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Under Federal Rule of Civil Procedure 42(a), *Samaha v. Minneapolis*, 20-cv-1715 (SRN/DTS) will be consolidated with *Armstrong v. Minneapolis*, 20-cv-1645 (SRN/DTS) for pretrial proceedings and discovery;

      i. The case, *Samaha v. Minneapolis*, 20-cv-1715 (SRN/DTS), will serve as the lead case of these consolidated matters;

      ii. All future filings for these consolidated proceedings shall be filed in the *Samaha* case; filings should not be separately docketed in the *Armstrong* case and all previous filing in the *Armstrong* case need not be refiled.

      iii. The cases will be consolidated until further Order by the Court.

      b.    *Goyette v. Minneapolis*, 20-cv-1302 (WMW/DTS) will not be consolidated with the other cases.

2.    The Clerk of Court is directed to add all non-terminated parties and their attorneys of record from *Armstrong v. Minneapolis*, 20-cv-1645 (SRN/DTS) to the lead case, *Samaha v. Minneapolis*, 20-cv-1715 (SRN/DTS).

3.    The Clerk of Court is directed to administratively close *Armstrong v. Minneapolis*, 20-cv-1645 (SRN/DTS).

4.    The lead case shall bear the caption:

Jamal Samaha,
*individually and on behalf of all others similarly situated,*

Lauren Coleman,
*individually and on behalf of all others similarly situated,*

Jordan Meyer,
*individually and on behalf of all others similarly situated,*

Andy Delany,
*individually and on behalf of all others similarly situated,*

Mary Grace,
*individually and on behalf of all others similarly situated,*

Bonnie Brown,
*individually and on behalf of all others similarly situated,*

Jonathan Mason,
*individually and on behalf of all others similarly situated,*

Nekima Levy Armstrong,
*individually and on behalf of all others similarly situated,*

Marques Armstrong,
*individually and on behalf of all others similarly situated,*

Terry Hempfling,
*individually and on behalf of all others similarly situated,*

Rachel Clark,
*individually and on behalf of all others similarly situated,*

Max Fraden,
*individually and on behalf of all others similarly situated*,

    Plaintiffs,

v.

City of Minneapolis, The,

Medaria Arradondo,
*Minneapolis Chief of Police, in his official capacity and individual capacity*;

John Does 1-100,
*in their official and individual capacities,*

Robert Kroll,
*Minneapolis Police Lieutenant, in his individual and official capacity*

John Does 1-2,
*in their individual and official capacities,*

    Defendants.

or the short caption:

    *Samaha et al., v. The City of Minneapolis, et. al.*

5.    The parties shall appear before this Court for a status conference on **September 15, 2021** at **10:00 a.m.** in Courtroom 9E of the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

Dated: August 31, 2021                         __s/David T. Schultz_____
                                                            DAVID T. SCHULTZ
                                                            United States Magistrate Judge