UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Jamal Samaha, et al., | Case No. 20-cv-1715 (SRN/DTS) |
| Plaintiffs, | |
| v. | **SECOND AMENDED PRETRIAL SCHEDULING ORDER** |
| City of Minneapolis, et al., | |
| Defendants. | |

---

| | |
|---|---|
| Nekima Levy Armstrong, et al., | Case No. 20-cv-1645 (SRN/DTS) |
| Plaintiffs, | |
| v. | |
| City of Minneapolis, et al., | |
| Defendants. | |

---

The following amended schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

### SUMMARY OF IMPORTANT DATES:

Initial Disclosure Deadline: February 28, 2021

Class Certification Deadline: **May 1, 2022**

Joinder and Amended Pleadings Deadline: Joinder **February 1, 2022**
                Amend **March 15, 2022**

Fact Discovery Completion Deadline: **June 30, 2022**

Expert Deadlines
 Disclosures: P: **May 1, 2022**; D: **June 15, 2022**
 Depositions: **August 15, 2022**

Non-Dispositive Motion Relating to Fact Discovery Deadline to **Serve and File**: **August 1, 2022**

All Other Non-Dispositive Motion Deadline to **Serve and File**: **August 15, 2022**

Dispositive Motion Deadline to **Schedule**: **August 15, 2022**

**INITIAL DISCLOSURES**

The parties must make their initial disclosures under Rule 26(a)(1) on or before February 28, 2021. If a description by category and location of the documents is offered pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), the party will provide a copy of their initial disclosure documents by February 28, 2021.

**MOTIONS TO AMEND**

1. Motions seeking to join other parties must be filed and served by **February 1, 2022**.

2. Motions seeking to amend the pleadings must be filed and served by **March 15, 2022**.

**FACT DISCOVERY**

**Written Discovery Practice**

Plaintiffs must serve unified written discovery directed to each defendant group. The answers to such discovery may be used in each action in any manner permitted under the Rules. Each defendant group must serve unified discovery directed to plaintiffs as a group. Defendants shall avoid duplication of discovery whenever possible. Plaintiffs' answers to discovery may be used by any defendant in either action.

    A.    No more than a total of 40 interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

    B.    No more than 50 document requests shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).

    C.    No more than 50 requests for admissions shall be served by each side.

**Deposition Practice**

Depositions taken pursuant to Rule 30(b)(1) will last no longer than 7 hours of testimonial time. All counsel are encouraged to coordinate their questioning to avoid duplication of effort and prolongation of testimony.

Depositions taken pursuant to Rule 30(b)(6) may last longer than 7 hours, but 7 hours of testimonial time is counted as one deposition to be counted against the total

number of depositions allotted. By way of illustration, a 30(b)(6) deposition lasting a total of 10 hours will count as 2 depositions.

No witness shall be deposed more than once without prior Court approval or agreement of the parties. However, a witness designated to testify pursuant to Rule 30(b)(6) may also be deposed in their individual capacity. Objections to 30(b)(6) deposition notices must be resolved—either by agreement or by the Court—prior to commencement of the deposition.

Any deposition may be used by any party in either action in any manner permitted by the Rules.

1. No more than **40** factual depositions, excluding expert witness depositions, shall be taken by **Defendants as a group**.

2. No more than **40** factual depositions, excluding expert witness depositions, shall be taken by **Plaintiffs as a group**.

3. No more than 2 Rule 35 Medical examination(s) per Plaintiff, which must be completed before **March 1, 2022**.

4. The parties must commence fact discovery procedures in time to be completed on or before **June 30, 2022**.

**EXPERT DISCOVERY**

1. Each party may call no more than 7 expert(s) to testify.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

    Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Plaintiff on or before **May 1, 2022**.

    Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Defendant on or before **June 15, 2022**.

    All expert discovery, including expert depositions, must be completed by **August 15, 2022**.

**PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY**

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information. The parties have also discussed electronic discovery and agree upon the following:

The parties will further discuss a plan and protocol for any electronic discovery and any preservation issues before **February 12, 2022**, and will present any disputes regarding their plan and protocol and any preservation issues to the Court by **February 12, 2022**, by letter. The parties are advised that an electronic discovery guide is available on the Court's website.

**NON-DISPOSITIVE MOTIONS**

**Motion Practice**

To encourage efficiency and brevity in briefing pretrial motions, each side is limited to a single brief not to exceed 15,000 words. No reply briefs will be allowed without Court approval, which will be granted only for good cause shown.

**A.   Dates**

1. All non-dispositive motions relating to *fact* discovery must be filed and served by **August 1, 2022**.

2. All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by **August 15, 2022**.

**B.   General Procedures**

All non-dispositive motions must be scheduled for hearing by calling Terianne Bender, Judicial Assistant to Magistrate Judge Schultz at 612-664-5460, prior to filing, except when all parties agree that no hearing is required. Such an agreement must be expressly set forth in the notice of motion. Once the moving party has secured a hearing date, it must promptly file a notice of motion informing all parties of the nature of the motion and the date, time and location of the hearing, along with complete moving papers as required by Local Rule 7.1. A moving party may not call chambers to "hold" a motion date without filing complete moving papers as required by Local Rule 7.1 unless it receives prior permission from the Court.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission. All motions must be filed and served within the time periods set forth in this Order and the Local Rules.

**C.   Special Procedures for Discovery Motions**

Discovery disputes will not be heard unless the parties have first met and conferred either in-person, telephonically, or by video and made a good-faith effort to settle their dispute, pursuant to revised Local Rule 7.1. If the parties are unable to resolve the dispute after good-faith efforts, the party raising the unresolved issue must first arrange a telephone conference with Magistrate Judge Schultz before filing a formal motion. No filings on discovery motions will be considered by the Court until the Court has first addressed the matter via conference call.

If a discovery motion is related to written discovery or the contents of depositions, the parties must fill out a chart (attached) that describes each disputed discovery request and response; each party's position, and the moving party's last offered compromise. This chart must be in Word format and emailed at least three business days before the hearing to chambers at: Schultz_chambers@mnd.uscourts.gov. Failure to provide this chart to the Court as required by this scheduling order shall result in the cancellation of the hearing.

**DISPOSITIVE MOTIONS**

Counsel for the moving party shall contact Susan Del Monte, Courtroom Deputy for District Judge Susan Richard Nelson, at (651) 848-1970 no later than **August 15, 2022** to schedule a hearing for a dispositive motion, if any. Counsel are reminded that at least two (2) to three (3) months advance notice is necessary to place a dispositive motion on the calendar. All dispositive motions and supporting papers (motion, notice of motion, memorandum of law, affidavits and exhibits and proposed order) shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1; however, unless otherwise directed by the Court, the moving party's motion papers shall not be filed until forty-two (42) days prior to the scheduled hearing date.

When a motion, response, or reply brief is filed on CM/ECF, two (2) paper courtesy copies (three-hole punched, with dividers clearly marked between exhibits) of the pleading and all supporting documents shall be mailed or delivered to chambers contemporaneously with the documents being posted on CM/ECF.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via CM/ECF a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an early dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**PRIVILEGE/PROTECTION**

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

**PROTECTIVE ORDER**

A protective order is in place. Dkt. No. 56. Local Rule 5.6 governs filing under seal. All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

**JOINT MOTIONS REGARDING CONTINUED SEALING PURSUANT TO LR 5.6**

A document will be sealed in a civil case "only as provided by statute or rule, or with leave of court." LR 5.6(a)(1). The fact that a document may be subject to a protective order—for example, that a party designated it "confidential" under a protective order—is not dispositive of whether the Court will order it to remain sealed. Simply stating that a party designated it confidential, without more, is not an adequate reason or explanation within the meaning of LR 5.6(d)(2)(A) to support a request that the Court order the document to remain sealed. A party must briefly explain the underlying reason that the particular information should remain sealed and unavailable to the public. If the reason is not a commonly recognized one, or there is a statute or regulation that requires the information to be withheld from the public, the party must identify it and briefly explain how the information falls under the statute or rule.

**TRIAL**

This case shall be ready for jury trial as of **December 19, 2022**. The parties estimate that trial of this matter will take 28 days.

**PRACTICE POINTERS AND PREFERENCES**

Please refer to Magistrate Judge David T. Schultz's Practice Pointers and Preferences which may be found on the Court's website.

Dated: October 8, 2021                    _s/David T. Schultz_____
                                          DAVID T. SCHULTZ
                                          U.S. Magistrate Judge

**Case Name and Number** _____

Several discovery responses have been identified as deficient in [the moving party's Motion to Compel (ECF No. \_\_\_\_\_)]. To assist the Court in more efficiently resolving the parties' discovery dispute, the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is not to repeat, or cut and paste, the arguments present in the parties' memoranda, but to identify succinctly each party's position and the compromise last offered at the meet and confer. Please attach additional sheets as necessary. At least three business days before the hearing, the fully completed chart shall be e-mailed to chambers at Schultz_chambers@mnd.uscourts.gov

| Discovery Request at Issue (state verbatim the request) | Moving Party's Position | Responding Party's Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court Notes |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Counsel for Moving Party: _____

Counsel for Responding Party: _____

Date: _____