UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jamal Samaha et al., | Case No. 0:20-cv-1715 (KMM/DTS) |
| Plaintiffs, | |
| v. | **ORDER** |
| City of Minneapolis et al., | |
| Defendants. | |

This matter came before the Court on Defendant Robert Kroll's Motion to Dismiss. [ECF No. 85]. Mr. Kroll argues that the Amended Complaint fails to state a claim on which relief can be granted. Plaintiffs argue that Mr. Kroll's motion should be denied pursuant to the doctrine of issue preclusion, because his motion to dismiss in a now-consolidated case—*Armstrong v. City of Minneapolis*, No. 21-cv-1645 (KMM/DTS)—was denied by the district judge formerly assigned to these cases. Following oral argument, the Court denied the Motion from the bench. [ECF No. 104]. The Court fully stated its reasoning on the record and now issues this Order to capture that ruling.

Issue preclusion is a doctrine providing that, when an issue "has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in another lawsuit." *Anderson v. Genuine Parts Co., Inc.*, 128 F.3d 1267, 1273 (8th Cir. 1997). In the Eighth Circuit, the doctrine applies if five elements are met:

1

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

*Id.*

Mr. Kroll argued only that the fourth element—that the issue must have been determined by a valid and final judgment—has not been met here. He contended that denial of a motion to dismiss is not a final judgment, and that the denial of his motion to dismiss in *Armstrong v. City of Minneapolis* was not valid because the court did not address certain authority he cited. The Court found that the caselaw Mr. Kroll cites in support of his position was neither relevant nor binding.[1] Further, the Court concluded that Eighth Circuit caselaw on point establishes that a ruling on a motion to dismiss can preclude a subsequent motion to dismiss where the other issue-preclusion elements are met, and that the asserted legal soundness of the prior ruling has no bearing on its preclusive effect.[2] *E.g.*, *Robinette v. Jones*, 476 F.3d 585 (8th Cir. 2007) (affirming district court's grant of a motion to dismiss on the basis of issue preclusion because a court had

---

[1] The cases cited by Mr. Kroll were from other jurisdictions and discuss the finality of orders on motions to dismiss in other contexts, such as for purposes of interlocutory appeal. None even considered the question of issue preclusion.

[2] The Court stressed at the hearing, and does so again here, that it offers no opinion on the soundness of the prior ruling or the court's reasoning therefor. Indeed, the Court expressly declined to consider the merits of Mr. Kroll's current or prior motions.

previously granted a motion to dismiss on the same claims between the same parties); *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) ("The doctrines of claim and issue preclusion prevent relitigation of wrong decisions just as much as right ones. Otherwise, the doctrines would have no effect and be useless."). Finally, the Court found that the remaining four elements of issue preclusion were met, and Mr. Kroll did not argue otherwise.

For these reasons and those stated on the record, Mr. Kroll's Motion to Dismiss [ECF No. 84] is **DENIED.**

**IT IS SO ORDERED**.

Date: July 1, 2022                                          *s/ Katherine Menendez*
                                                                  Katherine Menendez
                                                                  United States District Judge