# EXHIBIT A
# (Filed Under Seal)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jamal Samaha, Lauren Coleman, Jordan Meyer, Andy Delany, Mary Grace, Bonnie Brown, and Jonathan Mason, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>The City of Minneapolis, Minneapolis Police Lieutenant Robert Kroll, in his individual capacity; Major Joseph Dwyer, in his individual capacity; Officer Samantha Belcourt, in their individual capacity, Officer George Peltz, in his individual capacity; Officer Sergio Villegas, in his individual capacity; Officer Toua Yang, in his individual capacity, and John Does 1-100, in their official and individual capacities,<br><br>   Defendants. | Case No. 20-CV-01715 (KMM/DTS)<br><br><br>**SETTLEMENT AGREEMENT AND RELEASE** |
| Nekima Levy Armstrong, Marques Armstrong, Terry Hempfling, Rachel Clark, and Max Fraden, on behalf of themselves and other similarly situated individuals,<br><br>   Plaintiffs,<br><br>  v. | Case No. 20-CV-01645 (KMM/DTS) |

1

|  |  |
|---|---|
| The City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo, in his official and individual capacity, Minneapolis Police Lieutenant Robert Kroll, in his individual and official capacity, Minnesota Department of Public Safety Commissioner John Harrington, in his individual and official capacity, Minnesota State Patrol Colonel Matthew Langer, in his individual and official capacity, and John Does 1-2, in their official and individual capacities,<br><br>     Defendants. |  |

  WHEREAS, Jamal Samaha, Lauren Coleman, Jordan Meyer, Andy Delany, Mary Grace, Bonnie Brown, and Jonathan Mason ("Samaha Plaintiffs") have instituted legal proceedings against Defendants City of Minneapolis, George Peltz, Samantha Belcourt, Toua Yang, Sergio Villegas, and John Does 1-100 in United States District Court, Court File No. 20-CV-01715 (KMM/DTS) and Nekima Levy Armstrong, Marques Armstrong, Terry Hempfling, Rachel Clark, and Max Fraden ("Armstrong Plaintiffs") have instituted legal proceedings against Defendants City of Minneapolis and John Does 1-2 in United States District Court, Court File No. 20-CV-01645 (KMM/DTS), and these two actions have been consolidated ("the Consolidated Litigation");

  WHEREAS, with the advice and approval of counsel, the Samaha Plaintiffs and the Armstrong Plaintiffs (collectively "Plaintiffs") in the Consolidated

2

Litigation offered to compromise all of their claims against the Defendants City of Minneapolis, George Peltz, Samantha Belcourt, Toua Yang, Sergio Villegas, and all agents of Defendant City of Minneapolis ("City Defendants") in the Consolidated Litigation in exchange for a sum of money and other good and lawful consideration;

NOW, THEREFORE, in consideration of the premises and mutual promises contained herein, it is agreed as follows:

1.  <u>Release</u>.  Plaintiffs, for themselves, their heirs, successors and assigns, do hereby release, acquit and forever discharge the City of Minneapolis, and its current, former and future agents, including but not limited to Medaria Arradondo, George Peltz, Samantha Belcourt, Toua Yang, Sergio Villegas, John Does, current and former officers, chiefs, directors, council members, mayor, employees, predecessors, successors, and assigns, to the fullest extent permitted by law from and against any and all claims, actions, demands, causes of actions, obligations, rights or damages of any nature, including claims for costs or attorneys' fees, which Plaintiffs have ever had, may now have, or which may hereafter arise, whether known or unknown, on account of or in any way arising out of the incidents described in the Complaints and subsequent amendments filed in the Consolidated Litigation.  This expressly includes Plaintiffs' rights, if any, to appeal from dismissal of any or all of their claims in the Consolidated

Litigation. Plaintiffs represent that neither they nor their attorneys are aware of any insurers or governmental entities claiming subrogation rights or liens relating to the Consolidated Litigation. Plaintiffs agree to defend and indemnify and/or hold the City of Minneapolis harmless against any insurers or governmental entities claiming subrogation rights or liens relating to the Consolidated Litigation.

2.     Dismissal of Named Officers. This Settlement Agreement is solely with the City of Minneapolis and is not enforceable against Defendants George Peltz, Samantha Belcourt, Toua Yang, or Sergio Villegas who will be dismissed with prejudice upon the approval of this Settlement Agreement by the Minneapolis City Council and Mayor of Minneapolis. Defendants George Peltz, Samantha Belcourt, Toua Yang, and Sergio Villegas deny each and every allegation of wrongdoing as stated in the Plaintiffs' Complaints and subsequent amendments and, further, deny liability.

3.     Consideration. In consideration of Plaintiffs' agreement and release of claims, as set forth herein, the City of Minneapolis agrees to pay $50,000 to each named Plaintiff, for the total sum of Six Hundred Thousand Dollars ($600,000) to Plaintiffs. The payment shall be made out to Gustafson Gluek PLLC for the *Samaha* named plaintiffs and Fish & Richardson, P.C. for *Armstrong* named Plaintiffs. The parties shall also agree to the non-monetary settlement terms and injunction in Exhibit 1.

4. <u>Full Satisfaction</u>. The payment of the total sum of Six Hundred Thousand Dollars ($600,000.00), and execution of the stipulation in Exhibit 1, shall constitute full and complete settlement of the claims asserted by Plaintiffs against City Defendants in their Complaints and subsequent amendments, and in the Consolidated Litigation comprised of court files 20-CV-01715 (KMM/DTS) and 20-CV-01645 (KMM/DTS), including any and all claims for attorneys' fees and costs.

5. <u>No Admission of Liability</u>. Payment of the above consideration, in settlement of the Consolidated Litigation, and entering into the agreements and stipulations in Exhibit 1, is in no way or manner to be construed as an admission on the part of the City Defendants, the City of Minneapolis' employees, its agents, or any party benefited by this Settlement Agreement as to the validity of the Consolidated Litigation or the Plaintiffs' claims, or of the liability of City Defendants. The City of Minneapolis denies each and every allegation of wrongdoing as stated in the Plaintiffs' Complaint and subsequent amendments and, further, denies liability.

6. <u>Settlement Forms</u>. The Plaintiffs and Plaintiffs' counsel agree to approve and execute any forms necessary to obtain the above referenced settlement check(s), including W9 and Medicare forms, and any forms or

5

documents necessary to effectuate the dismissal of all claims against the City Defendants and Officer Does with prejudice.

7. <u>Voluntary Agreement</u>. Plaintiffs acknowledge and agree that they have read and thoroughly discussed all aspects of this Settlement Agreement with their attorneys, that Plaintiffs understand this Settlement Agreement's provisions, and that Plaintiffs sign and agree to this Settlement Agreement's terms voluntarily and without coercion.

8. <u>Warranty of Capacity to Execute Agreement</u>. Plaintiffs represent and warrant that no other person or entity has, or has had any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein; that they have the sole right and exclusive authority to execute this Settlement Agreement and receive the sums specified in it; and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claims, demands, obligations or causes of action referred to in this Settlement Agreement.

9. <u>Tax Consequences</u>. Plaintiffs understand and acknowledge that Defendant City of Minneapolis makes no representation as to any tax consequences of the settlement outlined in this Settlement Agreement and fully acknowledges that no tax advice or research has been provided by City Defendants. Plaintiffs agree that any tax consequences or liabilities arising from

this Settlement Agreement are solely the responsibility of the Plaintiffs and further agree to defend and indemnify and/or hold City Defendants harmless from any failure by the undersigned to pay any applicable taxes or assessments relative to this Settlement Agreement.

10. The settlement payment in paragraph 3 does not include any reimbursement for punitive damages. The exclusion of punitive damages does not limit the Release. This provision does not impact the No Admission of Liability provision contained in paragraph 5.

11. <u>City Council and Mayoral Approval</u>. This Settlement Agreement is contingent only upon the approval of its settlement terms by the Minneapolis City Council and Mayor of Minneapolis.

12. <u>Stipulation of Dismissal</u>. Upon approval of this Settlement Agreement by the Minneapolis City Council and Mayor of Minneapolis, and the tendering of the settlement proceeds, Plaintiffs and Plaintiffs' counsel agree to execute and file a Stipulation of Dismissal with Prejudice in the form attached hereto as Exhibit 2.

13. <u>Complete Agreement</u>. This Settlement Agreement and attached Exhibits contain and set forth all the terms agreed upon by the parties regarding Plaintiffs' claims, including purported damages and non-monetary relief sought,

7

against the City Defendants and any of the City of Minneapolis' agents and employees.

14. <u>No Construction Against the Drafter</u>. The parties agree that the drafting of this Settlement Agreement involved both parties' attorneys and that this Settlement Agreement shall not be construed against either party as the drafter.

15. <u>Counterparts</u>. This Settlement Agreement may be executed in two or more counterparts, including PDF, facsimile, or electronic counterparts, each of which will be deemed an original. Such counterparts shall be as effective as if each party or counsel executed the Settlement Agreement at the same time and on a singular signature page, and all of which together will constitute one Settlement Agreement.

**IN WITNESS WHEREOF**, the parties have executed this Settlement Agreement as of the date set forth.

Dated: September 28, 2022

*/s/Joshua J. Rissman*
Joshua J. Rissman (#391500)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
jrissman@gustafsongluek.com

*Attorneys for Plaintiffs Samaha, Coleman, Meyer, Delany, Grace, Brown, and Mason*

8

Dated: 10/4/2022 _____

Jamal Samaha

Dated: 10/3/2022 _____

Lauren Coleman

Dated: 10/3/2022 _____

Jordan Meyer

Dated: 10/3/2022 _____

Andy Delany

Dated: 10/3/2022 _____

Mary Grace

Dated: 10/4/2022 _____

Bonnie Brown

Dated: 10/3/2022 _____

Jonathan Mason

9

Dated: September 28, 2022

/s/Ahmed J. Davis
Ahmed J. Davis (*pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
davis@fr.com

Teresa J. Nelson (#0269736)
**AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Telephone: (651) 645-4097
tnelson@aclu-mn.org

*Attorneys for Plaintiffs Armstrong, Hempfling, Clark, and Fraden*

Dated: 09/30/22

_____
Nekima Levy Armstrong

Dated: _____

_____
Marques Armstrong

Dated: _____

_____
Terry Hempfling

Dated:  September 28, 2022

/s/Ahmed J. Davis
Ahmed J. Davis (*pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
davis@fr.com

Teresa J. Nelson (#0269736)
**AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Telephone: (651) 645-4097
tnelson@aclu-mn.org

*Attorneys for Plaintiffs Armstrong, Hempfling, Clark, and Fraden*

Dated: _____

_____
Nekima Levy Armstrong

Dated: 9/30/22

_____
Marques Armstrong

Dated: _____

_____
Terry Hempfling

Dated: September 28, 2022

/s/*Ahmed J. Davis*
Ahmed J. Davis (*pro hac vice*)
**FISH & RICHARDSON P.C.**
1000 Maine Avenue, S.W., Suite 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
davis@fr.com

Teresa J. Nelson (#0269736)
**AMERICAN CIVIL LIBERTIES UNION OF MINNESOTA**
P.O. Box 14720
Minneapolis, MN 55414
Telephone: (651) 645-4097
tnelson@aclu-mn.org

*Attorneys for Plaintiffs Armstrong, Hempfling, Clark, and Fraden*

Dated: _____

_____
Nekima Levy Armstrong

Dated: _____

_____
Marques Armstrong

Dated: 09/30/2022

_____
Terry Hempfling

10

Dated: __October 5,_____    _Rachel Clark_____
                                  Rachel Clark


Dated: _____     _____
                                  Max Fraden

11

CASE 0:20-cv-01715-KMM-DTS   Doc. 138-1   Filed 11/09/22   Page 15 of 16

Dated: _____   _____
Rachel Clark

Dated: \_\_9/30/22_____   _____
Max Fraden

11

Dated: November 8, 2022

KRISTYN ANDERSON
City Attorney
By
*/s/ Heather Robertson*
HEATHER P. ROBERTSON (390470)
KRISTIN R. SARFF (388003)
SHARDA ENSLIN (389370)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-3919
(612) 673-2180
(612) 673-3949
kristin.sarff@minneapolismn.gov
sharda.enslin@minneapolismn.gov
heather.robertson@minneapolismn.gov

*Attorneys for Defendant City of Minneapolis*