# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jamal Samaha, Lauren Coleman, Jordan Meyer, Andy Delany, Mary Grace, Bonnie Brown, and Jonathan Mason, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>The City of Minneapolis; Minneapolis Police Lieutenant Robert Kroll, in his individual capacity; Major Joseph Dwyer, in his individual capacity; Officer Samantha Belcourt, in her individual capacity; Officer George Peltz, in his individual capacity; Officer Sergio Villegas, in his individual capacity; Officer Toua Yang, in his individual capacity; and John Does 1-100, in their official and individual capacities,<br><br>      Defendants. | Case No. 20-cv-01715-KMM-DTS<br><br>**PLAINTIFFS' AND DEFENDANT CITY OF MINNEAPOLIS' MEMORANDUM OF LAW IN SUPPORT OF THEIR STIPULATION FOR INJUNCTION** |
| Nekima Levy Armstrong, Marques Armstrong, Terry Hempfling, Rachel Clark, and Max Fraden, on behalf of themselves and other similarly situated individuals,<br><br>      Plaintiffs,<br><br>v.<br><br>City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo, in his official capacity; Minneapolis Police Lieutenant Robert Kroll, in his individual and official | Case No. 20-cv-01645-KMM-DTS |

| | |
|---|---|
| capacity; and John Does 1-2, in their official and individual capacities,<br><br>                              Defendants. | |

## I.      INTRODUCTION

On May 25, 2020, George Floyd was killed while in the custody of now-former Minneapolis Police Department (MPD) officer Derek Chauvin. This inspired large-scale protests across the City of Minneapolis for several days. Plaintiffs participated in and the MPD, along with law enforcement from other jurisdictions, policed many of these protests. Plaintiffs filed actions against the City of Minneapolis and former Chief of Police Medaria Arradondo pursuant to 42 U.S. Code § 1983, alleging violation of their First, Fourth, and Fourteenth Amendment rights, stemming from the MPD's alleged use of excessive force in the form of firing less-lethal projectiles and using chemical irritants upon protesters, allegedly often without warning or order for dispersal. City Defendants filed motions to dismiss, which resulted in former Chief of Police Medaria Arradondo being dismissed from both cases in his personal capacity, but the motions otherwise were denied. The parties engaged in discovery. Four individual MPD Officers were added to the *Samaha* case in a subsequent Amended Complaint. (Collectively, the City of Minneapolis, Chief Arradondo in his official capacity, and the four individual named officers shall be referred to as "City Defendants".) After several settlement conferences, all Plaintiffs ultimately reached the agreed-upon Settlement Agreement with the City Defendants that is the subject of this motion. The Settlement Agreement represents a compromise of the disputed claims in the

above-captioned cases and is not an admission of liability by City Defendants and is not intended to be construed as an admission of liability by City Defendants. The Plaintiffs and the City of Minneapolis (hereinafter "Parties") now move the Court to enter the stipulated Injunction attached to the Settlement Agreement for good cause, as it is fair, reasonable, and consistent with governing law.

## II.  LEGAL STANDARD

"In cases implicating important public interests, the United States Court of Appeals for the Eighth Circuit has recognized that district courts have a role in approving settlement agreements." *Goyette v. City of Minneapolis*, No. 20-CV-1302 (WMW/DTS), 2022 WL 370161, at *1 (D. Minn. Feb. 8, 2022). Before entering an unopposed injunction, the court must find that is (1) procedurally fair, (2) substantively fair, (3) reasonable and (4) consistent with the governing law. *Id.*

## III.  ARGUMENT

The Injunction comports with Eighth Circuit law in that it is fair, reasonable, and consistent with governing law, and is comparable to the settlement agreement approved in *Goyette*. *Id*. at *4. The Parties therefore respectfully submit and request that the Court should approve and enter the Injunction.

### A. The Injunction is Procedurally Fair

The Parties engaged in significant negotiation in good faith to come to terms in the Settlement Agreement, which warrants entry of the Injunction. "To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance. The reviewing court should determine whether

3

the government and the settling defendant were 'negotiating in good faith and at arm's length' when crafting the proposed consent decree." *Brown v. Pfeiffer*, No. 19-CV-3132 (WMW/KMM), 2021 WL 4947785, at *2 (D. Minn. Oct. 25, 2021) (internal citations omitted); *see also Goyette*, 2022 WL 370161, at *1. Settlement discussions began in April 2022 when Plaintiffs sent a formal demand letter to City Defendants containing their non-monetary settlement demands. The parties later contacted the Court requesting a settlement conference, which was held before Magistrate Judge Schultz on August 22, 2022, after a preliminary settlement discussion between the parties a week prior. The parties engaged in a full day of negotiation on August 22 and then returned the following day on August 23 for another full day of negotiation before Magistrate Judge Schultz. The parties continued these negotiations over subsequent weeks with the aid of the Court in written communications and Zoom conferences. All parties were represented by counsel and had the opportunity to discuss the terms of the Settlement Agreement and Injunction before reaching agreement. This is sufficient to find the Settlement Agreement and Injunction procedurally fair. *Brown*, 2021 WL 4947785, at *2 (finding a consent decree procedurally fair because all parties were represented by counsel, all parties engaged in multiple settlement and status conferences before the magistrate judge, and the agreement was signed by all parties and their respective counsel); *Equal Emp. Opportunity Comm'n v. Emp. Sols. Grp., LLC*, No. 19-CV-2315 (NEB/TNL), 2021 WL 6753649, at *1 (D. Minn. Nov. 2, 2021) (finding a consent decree procedurally fair in part because "the parties reached the basic structure of this consent decree at a settlement conference facilitated by Judge Leung"); *United States v. Hercules, Inc.*, 961 F.2d 796, 800 (8th Cir. 1992)

4

(affirming district court's entry of consent decree after finding that it was "the result of good faith arms length negotiations"). Further, all parties offered and accepted compromises both on monetary and non-monetary terms to achieve the Settlement Agreement and Injunction. The Settlement Agreement and Injunction are procedurally fair.

## B. The Injunction is Substantively Fair

The Injunction is designed to ensure that the First Amendment constitutional rights of those gathered to protest peacefully is protected in the City of Minneapolis. It is substantively fair. "When reviewing a consent decree for substantive fairness, a district court does not examine 'whether the settlement is one which the court itself might have fashioned, or considers as ideal, but whether the proposed decree is fair, reasonable, and faithful to the objectives of the governing statute.'" *Brown*, 2021 WL 4947785, at *2; *see also Goyette*, 2022 WL 370161, at *2. The subject actions were brought pursuant to 42 U.S.C. § 1983, which governs a civil action for deprivation of rights, and reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

The Injunction prohibits the City of Minneapolis or MPD officers from using force upon or arresting people exercising their constitutional rights by engaging in lawful

5

protests, assemblies or demonstrations that do not threaten the safety of others, officers or the public. As noted above, Judge Wright entered a similar injunction against certain State of Minnesota actors related to the treatment of the media, stemming from the exact same protests. *Goyette*, 2022 WL 370161, at *2.

The Injunction also requires the City of Minneapolis to engage in certain measures designed to allow review of future interactions between police officers and protestors, such as requiring that all MPD officers deployed to protests, public assemblies or demonstrations have their body worn cameras recording per MPD Policy and prohibits intentional obstruction of the Body-Worn Camera ("BWC"). *See* Injunction ¶ 3. This measure is reasonable because it is consistent with the City's policies regarding MPD officers' use of BWC equipment. *See* MPD Policy and Procedure Manual § 4-223(III)(A)(5) ("Disabling BWC equipment, intentionally interfering with audio or video recording capabilities, and altering, duplicating, deleting or destroying BWC recordings are prohibited, except by Authorized Personnel in the course and scope of their lawful job duties and in accordance with record retention laws and policies and the provisions of this policy. Only the Chief or the Chief's designee can designate such Authorized Personnel."); § 4-223(IV)(A)(2)(a) ("Employees assigned a BWC and working in uniform (Class A, B, C or D in accordance with P&P 3-100) shall wear the BWC and keep it powered on at all times during their shift when they can reasonably anticipate that they may become involved in a situation for which activation is appropriate in accordance with this policy.").

The Injunction is designed to prevent violations of 42 U.S.C. § 1983, uphold constitutional law, and enforce MPD policy and is therefore fair, reasonable, and faithful

6

to the objectives of governing statutes. The Injunction is substantively fair and should be entered.

### C. The Injunction is Reasonable

The Injunction is reasonable because it is legal, clear and reflects a resolution of the claims asserted in both the *Armstrong* and *Samaha* complaints. "A court evaluating a proposed consent decree for fairness and reasonableness should assess '(1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind.'" *Brown*, 2021 WL 4947785, at *2; *see also Goyette,* 2022 WL 370161, at *2. "Factors that courts look to when considering reasonableness include 'whether the consent judgment reflects a resolution of the allegations in the complaint, whether the terms of the consent judgment are clear, and the relative strength of the parties' positions.'" *Equal Emp. Opportunity Comm'n v. Emp. Sols. Grp., LLC*, No. 19-CV-2315 (NEB/TNL), 2021 WL 6753649, at *2 (D. Minn. Nov. 2, 2021). The Injunction is legal because both the injunctive and monetary relief provided by the Injunction and Settlement Agreement are appropriate for a §1983 action and were the specific relief sought in both the *Armstrong* and *Samaha* complaints. *Brown*, 2021 WL 4947785, at *3 (finding legality of a consent decree because the forms of relief were appropriate for the subject action, consistent with the allegations of the complaint and the terms of the consent decree were clear).

The terms of the Injunction are clear in that it provides clear terms and defines the enforcement mechanism noting that "the Court shall oversee compliance with the Injunction and take appropriate action in the event it is violated." Injunction ¶6. *See Goyette*, 2022 WL 370161, at *2 (approving identical enforcement language).The Injunction is of limited duration dissolving in either five years, or upon the conditions outlined in the Settlement Agreement Exhibit 1. The terms of dissolution require that the parties meet and confer regarding any disagreement regarding dissolution of the Injunction:

> In the event of a dispute over whether this Injunction has dissolved pursuant to this paragraph of the Injunction, the parties shall meet-and-confer in good faith prior to bringing any disputes to the Court. Disputes should be raised with Magistrate Judge Schultz who shall attempt to mediate an agreement between the parties. Should the mediation prove unsuccessful, a party may make a motion to be heard by Magistrate Judge Schultz as to whether the injunction is dissolved or continues in effect. If Magistrate Judge Schultz is unavailable, a party, after a good faith meet-and-confer, may bring such a motion to the Court having jurisdiction over the Injunction;

Injunction ¶4(a). The language in the Injunction makes clear that disputes regarding dissolution of the Injunction be brought to the attention of Magistrate Judge Schultz, after the parties' attempt at resolution of the dispute through a meet and confer and that other enforcement of the Injunction will be overseen by the Court. The Injunction directly resolves the allegations raised in both the *Armstrong* and *Samaha* complaints, which sought injunctive and monetary relief from the City Defendants for their alleged use of less-lethal projectiles or chemical agents on those engaged in their constitutional right to protest peacefully. Finally, there is no evidence that the Injunction is tainted by improper collusion or corruption of any kind, leaving no bar to finding it reasonable.

### D. The Injunction is Consistent with Governing Law

The Injunction is fair and comports with governing law because as detailed herein, it protects the constitutional rights of those engaged in lawful protests, assemblies or demonstrations that do not present a threat to the safety of others, officers or the public, thereby preventing violation of §1983. "A consent decree also must be consistent with the overarching principles of the governing law." *Brown*, 2021 WL 4947785, at *3. The Injunction not only protects the constitutional rights of peaceful and lawful protesters, but also implements measures designed to uphold these rights and prevent potential violations of §1983. The Injunction is consistent with governing law.

### IV. CONCLUSION

The Parties respectfully request that their stipulation for Injunction be entered.

Dated: November 9, 2022                                     FISH & RICHARDSON P.C.

By: /s/*Ahmed J. Davis*
Ahmed J. Davis (*pro hac vice*)
davis@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W. Suite 1000
Washington, D.C. 20024
Tel: (202) 783-5070
Fax: (202) 783-2231

Michael E. Florey (#0214322)
florey@fr.com
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South 6th Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

William T. "Tommy" Jacks (*pro hac vice*)
jacks@fr.com
FISH & RICHARDSON P.C.
111 Congress Avenue, Suite 810
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

Excylyn J. Hardin-Smith (*pro hac vice*)
Hardin-smith@fr.com
Meghana Thadani (*pro hac vice*)
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor
New York, NY 10036
Tel: (212) 765-5070
Fax: (212) 258-2291

Ashu Balimba (*pro hac vice*)
balimba@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
Tel:  (214) 292-5070
Fax:  (214) 747-2091

Teresa J. Nelson (#0269736)
tnelson@aclu-mn.org
Clare A. Diegel (#0400758)
cdiegel@aclu-mn.org
AMERICAN CIVIL LIBERTIES
UNION OF MINNESOTA
P.O. Box 14720
Minneapolis, MN 55414
Tel: (651) 645-4097

***Attorneys for Plaintiffs Armstrong, Armstrong, Hempfling, Clark, and Fraden***

By: */s/ Joshua J. Rissman*
Daniel E. Gustafson (#202241)
Joshua J. Rissman (#391500)
Frances Mahoney-Mosedale (#0402741)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
dgustafson@gustafsongluek.com
jrissman@gustafsongluek.com
bresch@gustafsonguek.com

***Attorneys for Plaintiffs Samaha, Coleman, Meyer, Delany, Grace, Brown, and Mason***

Dated: November 9, 2022

KRISTYN ANDERSON
City Attorney
By
*/s/ Heather Robertson*
HEATHER P. ROBERTSON (390470)
KRISTIN R. SARFF (388003)
SHARDA ENSLIN (389370)
Assistant City Attorneys
Minneapolis City Attorney's Office
350 South Fifth Street, Room 210
Minneapolis, MN 55415
(612) 673-3919
(612) 673-2180
(612) 673-3949
kristin.sarff@minneapolismn.gov
sharda.enslin@minneapolismn.gov
heather.robertson@minneapolismn.gov

*Attorneys for Defendant City of Minneapolis*