UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jamal Samaha, Lauren Coleman, Jordan Meyer, Andy Delany, Mary Grace, Bonnie Brown, and Jonathan Mason, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>The City of Minneapolis; Minneapolis Police Lieutenant Robert Kroll, in his individual capacity; Major Joseph Dwyer, in his individual capacity; Officer Samantha Belcourt, in her individual capacity; Officer George Peltz, in his individual capacity; Officer Sergio Villegas, in his individual capacity; Officer Toua Yang, in his individual capacity; and John Does 1-100, in their official and individual capacities,<br><br>       Defendants. | Case No. 20-cv-01715-KMM-DTS<br><br>**[PROPOSED] ORDER FOR INJUNCTION** |
| Nekima Levy Armstrong, Marques Armstrong, Terry Hempfling, Rachel Clark, and Max Fraden, on behalf of themselves and other similarly situated individuals,<br><br>       Plaintiffs,<br><br>v.<br><br>City of Minneapolis; Minneapolis Chief of Police Medaria Arradondo, in his official capacity; Minneapolis Police Lieutenant Robert Kroll, in his individual and official | Case No. 20-cv-01645-KMM-DTS |

| | |
|---|---|
| capacity; and John Does 1-2, in their official and individual capacities,<br><br>                              Defendants. | |

This matter is before the Court on the Plaintiffs' and City of Minneapolis' Stipulation for an Injunction. Based upon the stipulation of the parties (ECF Doc. 138) and memorandum of the parties (ECF Doc. 138), the Court makes the following ORDER:

I. The Court finds the proposed Injunction is (1) procedurally fair, (2) substantively fair, (3) reasonable and (4) consistent with the governing law.

II. The Court hereby issues an Injunction as follows:

Notwithstanding the terms of this Injunction, nothing in this Injunction shall be interpreted or applied to prevent a law enforcement officer from: (1) using force that would be deemed reasonable under governing law, including *Graham v. Connor,* (2) using crowd control or less-lethal weapons when there is risk of imminent harm to the officer or others, or (3) lawfully detaining an individual that is committing a crime in the presence of the officer. Whether the reasonableness of the officers' actions has been clearly established by controlling law shall not impact the assessment of whether the officer's actions were reasonable for purposes of this Injunction.[1]

1. Defendant City of Minneapolis, and its agents, servants, employees, and representatives, are hereby enjoined from: arresting, threatening to arrest, or using physical force—including but not limited to chemical agents, flash bang/concussion grenades, blast balls, 40mm launchers/rounds/projectiles, marking/rubber/foam-tipped bullets, non-lethal projectiles, riot baton strikes (Less Lethal Force)—against persons engaging in lawful protests, lawful public assemblies, or lawful demonstrations who are not posing an immediate threat to the safety of others, officers, or the public safety.

---

[1] This provision does not waive the rights of the City of Minneapolis or any of its agents or employees to assert a qualified immunity defense or any other liability defense in litigation which is not brought in this case pursuant to this Injunction.

2. Chemical agents shall not be used to disperse a protest, assembly, or demonstration where no members of the protest, assembly, or demonstration are engaging in behavior that is a threat to the safety of an officer, others, or the public safety, unless (1) the protest, public assembly or demonstration is unlawful, and (2) an officer(s) first verbally orders dispersal in a manner designed to be audible for the intended audience and gives a reasonable time for the group to disperse.  This shall not be construed to restrict an officer's ability to respond to an immediate threat of physical harm to an officer, others, or the public safety. A violation of this paragraph shall be considered unreasonable force for purposes of this Injunction.

3. Body worn camera videos.  All officers deployed to protests, public assemblies, or demonstrations must have their body worn cameras recording per Minneapolis Police Department policy, and may not intentionally obstruct the camera, either partially or entirely.

4. The Injunction will dissolve at the occurrence of one of the following, whichever is earlier:

   a. When the City of Minneapolis enters a settlement agreement, consent decree, or when there is a court-ordered resolution with the U.S. Department of Justice (DOJ) and/or the Minnesota Department of Human Rights (MDHR) relating to any investigation of the Minneapolis Police Department's or the City of Minneapolis' response to the civil unrest, protests, assemblies, or demonstrations in May/June of 2020 that imposes restrictions comparable to this Injunction upon, and implements a mechanism to oversee, the Minneapolis Police Department's use of force, arrests, or dispersals in civil disturbances, protests, assemblies, or demonstrations.[2]

   In the event of a dispute over whether this Injunction has dissolved pursuant to this paragraph of the Injunction, the parties shall meet-and-confer in good faith prior to bringing any disputes to the Court.  Disputes should be raised with Magistrate Judge Schultz who shall attempt to mediate an agreement between the parties.  Should the mediation prove unsuccessful, a party may make a motion to be heard by Magistrate Judge Schultz as to whether the Injunction is dissolved or continues in effect.  If Magistrate Judge Schultz is unavailable, a party, after a good faith meet-and-confer, may bring such a motion to the Court having jurisdiction over the Injunction;

   or

   b. Five years from the date of entry of this Injunction.

---

[2] The parties agree the existing Stipulation and Order filed in Hennepin County on June 8, 2020, in *Lucero v. City of Minneapolis Police Dept. et al.*, Case No. 27-CV-20-8182, does not operate to dissolve this Injunction.

5. Plaintiffs need not provide any security pursuant to Rule 65(c) of the Federal rules of Civil Procedure.

6. Excepting the procedure in Paragraph 4(a), the Court shall oversee compliance with the Injunction and take appropriate action in the event it is violated.

Dated: _____                    _____
                                            Katherine M. Menendez
                                            United States District Court Judge