UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jamal Samaha, Lauren Coleman, Jordan Meyer, Andy Delany, Mary Grace, Bonnie Brown, and Jonathan Mason, individually and on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br><br>   v.<br><br>The City of Minneapolis; Minneapolis Police Lieutenant Robert Kroll, in his individual capacity; Major Joseph Dwyer, in his individual capacity; Officer Samantha Belcourt, in her individual capacity; Officer George Peltz, in his individual capacity; Officer Sergio Villegas, in his individual capacity; Officer Toua Yang, in his individual capacity; and John Does 1-100, in their official and individual capacities,<br><br>                   Defendants. | Case No. 20-cv-01715 (KMM/DTS)<br><br>**PLAINTIFFS' AND DEFENDANT MAJOR JOSEPH DWYER'S MEMORANDUM OF LAW IN SUPPORT OF THEIR STIPULATION FOR INJUNCTION** |

I.     **INTRODUCTION**

On May 25, 2020, George Floyd was killed while in the custody of now-former Minneapolis Police Department (MPD) officer Derek Chauvin. This inspired large-scale protests across the City of Minneapolis for several days. Plaintiffs participated in and the MPD, along with law enforcement from other jurisdictions including the Minnesota State Patrol, policed many of these protests and responded to the ensuing unrest. Plaintiffs filed actions against the City of Minneapolis and former Chief of Police Medaria Arradondo

pursuant to 42 U.S. Code § 1983, alleging violation of their First, Fourth, and Fourteenth Amendment rights, stemming from the MPD's alleged use of excessive force in the form of firing less-lethal projectiles and using chemical irritants upon protesters, allegedly often without warning or order for dispersal. Plaintiffs amended their complaint and added Major Joseph Dwyer as a Defendant on June 14, 2022. ECF No. 99

Several months after the murder of George Floyd, the killing of Daunte Wright by a Brooklyn Center police office inspired large scale protests in the City of Brooklyn Center. Plaintiff Wolk filed an Amended Complaint against the Minnesota Department of Public Safety, Colonel Matthew Langer, and Commissioner John Harrington, among other parties, on July 14, 2022, in Case No. 22-cv-1666 (WMW/DTS) for their alleged involvement in use of less lethal munitions against protestors, including Plaintiff Wolk.

After reaching a settlement with the City of Minneapolis and Robert Kroll in the *Samaha* matter, the *Samaha* and *Wolk* Plaintiffs ultimately reached the agreed-upon Settlement Agreement with Minnesota Department of Public Safety, Colonel Matthew Langer, and Commissioner John Harrington and Major Joseph Dwyer (hereinafter "State Defendants") that is the subject of this motion. The Plaintiffs and the State Defendants (hereinafter "Parties") now move the Court to enter the stipulated Injunction attached to the Settlement Agreement for good cause, as it is fair, reasonable, and consistent with governing law.

II.   **LEGAL STANDARD**

"In cases implicating important public interests, the United States Court of Appeals for the Eighth Circuit has recognized that district courts have a role in approving settlement

2

agreements." *Goyette v. City of Minneapolis*, No. 20-CV-1302 (WMW/DTS), 2022 WL 370161, at *1 (D. Minn. Feb. 8, 2022). Before entering an unopposed injunction, the court must find that is (1) procedurally fair, (2) substantively fair, (3) reasonable and (4) consistent with the governing law. *Id.*

### III. ARGUMENT

The Injunction comports with Eighth Circuit law in that it is fair, reasonable, and consistent with governing law, and is comparable to the settlement agreement approved by this Court against the City of Minneapolis, ECF No. 145, and by Judge Wright in *Goyette*. 2022 WL 370161, at *4. The Parties therefore respectfully submit and request that the Court should approve and enter the Injunction.

#### A. The Injunction is Procedurally Fair

The Parties engaged in significant negotiation in good faith to come to terms in the Settlement Agreement, which warrants entry of the Injunction. "To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance. The reviewing court should determine whether the government and the settling defendant were 'negotiating in good faith and at arm's length' when crafting the proposed" stipulated injunction. *Brown v. Pfeiffer*, No. 19-CV-3132 (WMW/KMM), 2021 WL 4947785, at *2 (D. Minn. Oct. 25, 2021) (internal citations omitted); *see also Goyette*, 2022 WL 370161, at *1. Settlement discussions commenced in September 2022 when Plaintiffs informed the State Defendants they had reached an agreement with the City of Minneapolis. The parties conducted multiple rounds of offers and counter offers before reaching an agreement. Magistrate Judge Schultz was kept

informed of the status of negotiations and held status conferences on November 10, 2022 (ECF No. 137) and March 15, 2023 (ECF No. 157) to discuss the progress of the negotiations.

All parties were represented by counsel and had the opportunity to discuss the terms of the Settlement Agreement and Injunction before reaching agreement. This is sufficient to find the Settlement Agreement and Injunction procedurally fair. *Brown*, 2021 WL 4947785, at *2 (finding an agreement procedurally fair because all parties were represented by counsel, all parties engaged in multiple settlement and status conferences before the magistrate judge, and the agreement was signed by all parties and their respective counsel); *Equal Emp. Opportunity Comm'n v. Emp. Sols. Grp., LLC*, No. 19-CV-2315 (NEB/TNL), 2021 WL 6753649, at *1 (D. Minn. Nov. 2, 2021) (finding an agreement procedurally fair in part because "the parties reached the basic structure of this [agreement] at a settlement conference facilitated by Judge Leung"); *United States v. Hercules, Inc.*, 961 F.2d 796, 800 (8th Cir. 1992) (affirming district court's entry of agreement after finding that it was "the result of good faith arms length negotiations"). Further, all parties offered and accepted compromises on the injunctive relief terms to achieve the Settlement Agreement and Injunction. The Settlement Agreement and Injunction are procedurally fair.

**B. The Injunction is Substantively Fair**

The Injunction is designed to ensure that the First Amendment constitutional rights of those gathered to protest peacefully is protected in the State of Minnesota. It is substantively fair. When reviewing a stipulated injunction "for substantive fairness, a district court does not examine 'whether the settlement is one which the court itself might

have fashioned, or considers as ideal, but whether the proposed decree is fair, reasonable, and faithful to the objectives of the governing statute.'" *Brown*, 2021 WL 4947785, at *2; *see also Goyette*, 2022 WL 370161, at *2.  The subject actions were brought pursuant to 42 U.S.C. § 1983, which governs a civil action for deprivation of rights, and reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

The Injunction prohibits the State Defendants from using force upon or arresting people exercising their constitutional rights by engaging in lawful protests, assemblies or demonstrations who do not threaten the safety of others, officers or the public.  As noted above, this Court entered a similar injunction against the City of Minneapolis and Judge Wright entered an injunction regarding certain State of Minnesota actors related to the treatment of the media, stemming from the same protests.  *Goyette*, 2022 WL 370161, at *2.

The Injunction also requires the State Defendants to engage in certain measures designed to allow review of future interactions between police officers and protestors, such as requiring that all State Patrol officers deployed to protests, public assemblies or demonstrations have their body worn cameras recording per State Patrol Policy and prohibits intentional obstruction of the Body-Worn Camera ("BWC").  *See* Injunction ¶ 3.

5

The Injunction is designed to prevent violations of 42 U.S.C. § 1983, uphold constitutional law, and enforce State Patrol policy and is therefore fair, reasonable, and faithful to the objectives of governing statutes. The Injunction is substantively fair and should be entered.

### C. The Injunction is Reasonable

The Injunction is reasonable because it is legal, clear and reflects a resolution of the claims asserted in both the *Wolk* and *Samaha* complaints. A court evaluating a proposed stipulated injunction for fairness and reasonableness "should assess '(1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the [stipulated injunction reflects a resolution of the actual claims in the complaint; and (4) whether the [stipulated injunction] is tainted by improper collusion or corruption of some kind.'" *Brown*, 2021 WL 4947785, at *2; *see also Goyette,* 2022 WL 370161, at *2. "Factors that courts look to when considering reasonableness include 'whether the [stipulated injunction] reflects a resolution of the allegations in the complaint, whether the terms . . . are clear, and the relative strength of the parties' positions.'" *Equal Emp. Opportunity Comm'n v. Emp. Sols. Grp., LLC*, No. 19-CV-2315 (NEB/TNL), 2021 WL 6753649, at *2 (D. Minn. Nov. 2, 2021). The Injunction is legal because both the injunctive and monetary relief provided by the Injunction and Settlement Agreement are appropriate for a §1983 action and were the specific relief sought in both the *Wolk* and *Samaha* complaints. *Brown*, 2021 WL 4947785, at *3 (approving agreement because the forms of relief were appropriate for the subject action, consistent with the allegations of the complaint and the terms were clear).

The terms of the Injunction are clear in that it provides clear terms and defines the enforcement mechanism noting that "the Court shall oversee compliance with the Injunction and take appropriate action in the event it is violated." Injunction ¶6. *See* ECF No. 145; (approving identical enforcement language); *Goyette*, 2022 WL 370161, at *2 (same). The Injunction is of limited duration dissolving in five years.

The Injunction directly resolves the allegations raised in both the *Wolk* and *Samaha* complaints as to the State Defendants, which sought injunctive and monetary relief from the State Defendants for their alleged use of less-lethal projectiles or chemical agents on those engaged in their constitutional right to protest peacefully. Finally, there is no evidence that the Injunction is tainted by improper collusion or corruption of any kind, leaving no bar to finding it reasonable.

### D. The Injunction is Consistent with Governing Law

The Injunction is fair and comports with governing law because as detailed herein, it protects the constitutional rights of those engaged in lawful protests, assemblies or demonstrations that do not present a threat to the safety of others, officers or the public, thereby preventing violation of §1983. A stipulated injunction "also must be consistent with the overarching principles of the governing law." *Brown*, 2021 WL 4947785, at *3. The Injunction not only protects the constitutional rights of peaceful and lawful protesters, but also implements measures designed to uphold these rights and prevent potential violations of §1983. The Injunction is consistent with governing law.

## IV. CONCLUSION

The Parties respectfully request that their stipulation for Injunction be entered.

Dated: March 30, 2023

*/s/Joshua J. Rissman*
Joshua J. Rissman (#391500)
Daniel J. Nordin (#392393)
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
jrissman@gustafsongluek.com
dnordin@gustafsongluek.com

***Attorney for Plaintiffs Samaha, Coleman, Meyer, Delany, Grace, Brown, Mason, and Wolk***

*/s/ Joseph Weiner*
Joseph Weiner (#389181)
Assistant Attorney General
445 Minnesota Street, Suite 1400
St. Paul, MN 55101-2131
Telephone: (651) 757-1431
joseph.weiner@ag.state.mn.us

***Attorney for Defendants Minnesota Department of Public Safety, Commissioner John Harrington, Colonel Matthew Langer, and Major Joseph Dwyer***