UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jamal Samaha, Lauren Coleman, Jordan Meyer, Andy Delany, Mary Grace, Bonnie Brown, and Jonathan Mason, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br> v.<br><br>The City of Minneapolis; Minneapolis Police Lieutenant Robert Kroll, in his individual capacity; Major Joseph Dwyer, in his individual capacity; Officer Samantha Belcourt, in her individual capacity; Officer George Peltz, in his individual capacity; Officer Sergio Villegas, in his individual capacity; Officer Toua Yang, in his individual capacity; and John Does 1-100, in their official and individual capacities,<br><br>       Defendants. | Case No. 20-cv-01715 (KMM/DTS)<br><br><br>**ORDER FOR INJUNCTION** |

This matter is before the Court on the Plaintiffs' and Major Joseph Dwyer's Stipulation for an Injunction. Based upon the stipulation of the parties (ECF No. 158) and memorandum of the parties (ECF No. 159), the Court makes the following ORDER:

I. The Court finds the proposed Injunction is: (1) procedurally fair, (2) substantively fair, (3) reasonable and (4) consistent with the governing law.

II. The Court hereby issues an Injunction as follows:

Notwithstanding the terms of this Injunction, nothing in this Injunction shall be interpreted or applied to prevent a law enforcement officer from: (1) using force that would be deemed reasonable under governing law, including *Graham v. Connor*, (2) using crowd control or less-lethal weapons targeted at any individual(s) presenting a risk of imminent harm to the officer or others even if otherwise lawful individuals are unintentionally impacted by the use of those crowd control or less-lethal weapons in that situation, or (3) lawfully detaining an individual that is committing a crime in the presence of the officer. Whether the reasonable of the officers' actions has been clearly established by controlling law shall not impact the assessment of whether the officer's actions were reasonable for the purposes of this Injunction.[1]

1. Defendant Minnesota Department of Public Safety, and its agents, servants, employees, and representatives, are hereby enjoined from: arresting, threatening to arrest, or using physical force—including but not limited to chemical agents, flash bang/concussion grenades, blast balls, 40mm launchers/rounds/projectiles, marking/rubber/foam-tipped bullets, non-lethal projectiles, riot baton strikes (Less Lethal Force)—against persons engaging in lawful protests, lawful public assemblies, or lawful demonstrations who are not posing an immediate threat to the safety of others, officers, or the public safety.

2. Chemical agents shall not be used to disperse a protest, assembly, or demonstration where no members of the protest, assembly, or demonstration are engaging in behavior that is a threat to the safety of an officer, others, or the public safety, unless (1) the protest, public assembly or demonstration is unlawful, and (2) an officer(s) first verbally orders dispersal in a manner designed to be audible for the intended audience and gives a reasonable time for the group to disperse. This shall not be construed to restrict an officer's ability to respond to an immediate threat of physical harm to an officer, others, or the public safety. A violation of this paragraph shall be considered unreasonable force for purposes of this injunction.

3. Body worn camera videos. All officers deployed to protests, public assemblies, or demonstrations must have their body worn cameras recording per Minnesota State Patrol policy, and may not intentionally obstruct the camera, either partially or entirely.

4. The injunction will dissolve five years from the date of entry of this Injunction.

5. Plaintiffs need not provide any security pursuant to Rule 65(c) of the Federal rules of Civil Procedure.

---

[1] This provision does not waive the rights of the Minnesota Department of Public Safety or any of its agents or employees to assert a qualified immunity defense or any other liability defense in litigation which is not brought in this case pursuant to this injunction.

6.     Excepting the procedure in Paragraph 4(a), the Court shall oversee compliance with the Injunction and take appropriate action in the event it is violated.

Date: April 7, 2023                          *s/Katherine M. Menendez*
                                                          Katherine M. Menendez
                                                          United States District Judge